Clara H. Rogina, Administratrix of Estate of Raymond J. Rogina, Deceased, Appellee, v. Midwest Flying Service, Inc., Appellant.

Gen. No. 9,994.

Heard in this court at the October term, 1944. Opinion filed February 8, 1945. Opinion modified and rehearing denied April 30, 1945. Released for publication May 1, 1945.

GATES W. CLANCY, of Chicago, KRUSEMARK & KRUSEMARK, of Joliet, and AIKEN, MCCURRY, BENNETT & CLEARY, of Chicago, for appellant; CHARLES R. AIKEN, of Chicago, of counsel.

DONOVAN, BRAY & GRAY, of Joliet, for appellee; ROBERT W. THOMAS, of Joliet, of counsel.

Mr. Justice Wolfe delivered the opinion of the court.

The Midwest Flying Service, Inc., conducted a school for airplane pilots at Stinson airport on route 66 between Joliet and Chicago of which Herman A. Maurer was manager. In October 1942, the Midwest was conducting a pilot instruction program under Government contract, which required each student to receive five hours of night flying as a part of his training. The Stinson airport was not lighted for night flying and the Midwest had arranged with the Joliet municipal airport to use its facilities for this phase of the instruction course.

On October 17, 1942, the Midwest had a class for night flying at the Joliet airport. Herman A. Maurer and Burney Peters had flown a plane from Stinson field to the Joliet airport for use in the flying course. At about 12:25 a. m., on this night Maurer and a man named Raymond J. Rogina took out a plane to make a flight around the field a few times. They entered the plane and started off, had cleared the runway and attained an altitude of about 150 feet, when for some reason, the plane crashed and both Maurer and Rogina were killed. Clara H. Rogina, administratrix of the estate of Raymond J. Rogina, deceased, started suit in the circuit court of Will county against Evalina Maurer, administratrix of the estate of Herman Maurer, deceased, and the Midwest Flying Service, Inc., for damages alleged to have been sustained by the death of Raymond Rogina, deceased.

The case was heard before a jury. At the close of the plaintiff's case, the defendants entered a motion for a directed verdict in their favor, but this motion was overruled. At the close of all the evidence, a like motion was presented, and the same was overruled. By agreement of the parties, the jury was permitted to bring in a sealed verdict. The jury, by its verdict, found the Midwest Flying Service, Inc., guilty, and as-

sessed the plaintiff's damage at $10,000. It did not bring in any verdict as to the defendant, Maurer (which in law was equivalent to a verdict of not guilty). The plaintiff made a motion for a new trial as to Maurer. The Midwest Flying Service, Inc., entered a motion for judgment notwithstanding the verdict, and also a motion for a new trial. On February 23, 1944, judgment was entered in favor of the plaintiff and against the Midwest Flying Service for the sum of $10,000.

The complaint consisted of three counts. By her first count, plaintiff charged that at midnight on October 18, 1942, Raymond Rogina became a passenger at Maurer's invitation in an airplane operated by Herman Maurer; that Rogina had no control, or power of control or direction, over the operation or movement of said airplane; that while Rogina was such passenger, Maurer negligently flew the plane either (a) propelling it into trees and rising ground, or (b) turning it in violation of the airport regulations thereby causing it to collide with the trees, etc.; that by such collision the plane was caused to crash and burn which resulted in the death of Rogina and Maurer; and, that Rogina was at all times "in the exercise of due care and caution for his own safety."

In the second count, it was averred that Midwest Flying Service, Inc., invited Rogina to become a passenger in an airplane it operated by and through Herman A. Maurer, its duly authorized agent and servant in its behalf; that Rogina had no power or control over the movement or direction of the plane; that Midwest, through its agent and servant Maurer, negligently flew the plane propelling it into the trees and rising ground or causing it to collide therewith by turning it in violation of the airport regulations; and, that Rogina was in the exercise of due care for his own safety.

Plaintiff alleged in her third count that Midwest entrusted to and permitted its agent, Herman A. Maurer,

to operate and fly said airplane; that Midwest was thereby guilty of negligence proximately causing the death of Rogina because Maurer was incompetent to so operate, control or pilot said airplane in the nighttime and was not a person qualified with the requisite skill and training in the operation of airplanes in the night-time, and because of the inexperience and lack of skill and qualifications of the said Herman A. Maurer to pilot and operate an airplane in the nighttime; that Rogina had no power or control over the movement or direction of the plane; that Midwest negligently entrusted the plane to Maurer, who by reason of his inexperience, incompetency and lack of skill and training in the operation of airplanes in the nighttime negligently flew the plane into the trees, etc., or negligently turned the plane in violation of the airport regulations; and, that Rogina was at the time in the exercise of due care for his own safety.

The defendants specifically denied each averment of the complaint.

From the judgment in favor of the plaintiff as against the defendant, the Midwest Flying Service, Inc., the Midwest has perfected an appeal to this court. After the case had been submitted and appellant and appellee had filed their briefs, the appellant asked leave to file an additional record and abstract to show what had been done in the trial court relative to the suit against Herman Maurer's administratrix, etc. The appellee filed objections to this motion. The motion was taken with the case, and after a full consideration, we have decided that the same should be allowed to be filed. The clerk of this court is hereby ordered to file same as of December 12, 1944.

The additional abstract shows that on April 21, 1944, a judgment was entered in favor of Evalina G. Maurer, administratrix of the estate of Herman A. Maurer, deceased. On July 18, 1944, Clara H. Rogina, administratrix, filed notice of appeal to the Appellate Court,

second district, etc. On September 6, 1944, an extension of 45 days was granted for the filing of the record. On December 1, 1944, an order of court was entered finding that the time within which Clara H. Rogina, the appellant, should file her record of appeal had expired and the court dismissed the appeal.

Numerous errors are assigned by the appellant to support its contention that the judgment of the trial court should be reversed. We think only one need be considered for the proper decision of this litigation. It is urged that the jury's action acquitting the administratrix of the estate of Herman Maurer, deceased, precludes a recovery against the corporation which owned, controlled and operated the plane; that inasmuch as the plaintiff's theory of liability as to the corporation is based upon doctrine of respondeat superior, and in such case a finding that the servant, Herman Maurer, was not guilty operates to exonerate the master of any fault. In other words, it is submitted that a principal may not be held liable for the acts of the agent if the agent is acquitted. This same question has been frequently before this court, and the other Appellate Courts, and Supreme Court. The rule as claimed by the appellant has been adhered to. *Billstrom v. Triple Tread Tire Co.,* 220 Ill. App. 550; *Larson v. Hines,* 220 Ill. App. 594. In the latter case, we use this language: "A number of grounds are urged for a reversal of the judgment. The main point raised is, that inasmuch as the verdict of the jury found that the engineers in charge of the respective trains involved in bringing about the accident were not guilty of the negligence charged in operating the engines and trains, that this necessarily also acquits the appellant from liability under the doctrine of respondeat superior. It is well settled that, in an action, whether brought against the employer severally or jointly with the employee, the gravamen of the charge is, and must be, the negligence of the employee; and no recovery can be

had unless it be proven and found by the jury that the employee was negligent. Stated in another way: If the employee who causes the injury is·free from liability therefor, his employer must also be free from liability. So, too, from the principle, that there can be no liability on the part of an employer for the act of his employee in which he took no part, if the employee is free from liability, it follows that a judgment in favor of the employee in an action brought against him for an injury caused by such an act is a bar to a recovery against the employer in an action brought against him for the same cause of action. *Hayes v. Chicago Tel. Co.,* 218 Ill. 414; *Anderson v. West Chicago St. Ry. Co.,* 200 Ill. 329.'' To the same effect is *Bunyan v. American Glycerin Co.,* 230 Ill. App. 351; *Antrim v. Legg,* 203 Ill. App. 482. The jury having found Herman Maurer, the agent of the Midwest Flying Service, Inc., not guilty of negligence that was the proximate cause of the injury that caused plaintiff's intestate death, then under the first and second count of the complaint the judgment against the defendant cannot stand.

It is insisted by the appellee that the appellant has waived the right to raise this question, as the same was not raised in its motion for a new trial. We find no merit in this contention.

It is claimed by the appellee that the third count of the complaint is drawn on a different theory than that of the first and second counts; that this count is not predicated solely on the negligence of the servant, Maurer who has been acquitted. Part of the third count is as follows: ''That notwithstanding its duty in the premises as foresaid the defendant, The Midwest Flying Service, Inc., carelessly, negligently and improperly entrusted and permitted said airplane to the operation and control of the said Herman A. Maurer at the time and place aforesaid, and the ·said Herman A. Maurer carelessly, negligently and improperly moved, propelled, flew or caused to be moved, propelled or

flown, and carelessly, negligently and improperly operated the same, by reason of his inexperience, incompetency and lack of skill and training in the operation of airplanes in the nighttime in one or more of the following particulars, thereby proximately causing the injury and death of plaintiff's intestate."

It is charged in this count that the Midwest Flying Service, Inc., was negligent in operating the plane, through Maurer who was inexperienced in flying in the nighttime. Whether this is true or not, it is immaterial under the circumstances and issues in this case. Before the plaintiff can recover from the defendant, she must show it to be guilty of some negligence that was the proximate cause of the injuries to Rogina, plaintiff's intestate. Although Maurer may have been inexperienced as a night flyer, unless he did something that was the proximate cause of the injury which caused the death of Rogina, the Midwest cannot be held liable, or responsible for damages for Rogina's death. Since the jury, by its verdict, found that Maurer was not guilty, of any negligence which caused Rogina's death, it seems clear that no negligent acts on the part of the Midwest Flying Service, Inc., was the proximate cause of the plaintiff's intestate injuries.

It is our conclusion that the doctrine of respondeat superior applies in this case, and the jury having found the defendant, Herman A. Maurer, not guilty of any negligence which was the proximate cause of Raymond J. Rogina's death, then Maurer's principal, The Midwest Flying Service, Inc., cannot be legally liable for Rogina's death.

The judgment of the circuit court of Will county is hereby reversed.

*Judgment reversed.*