12 Ill.2d 532 (1957)
147 N.E.2d 376
MERVIN TUCKER, Appellant,
v.
NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellee.
No. 34438.
Supreme Court of Illinois.
Opinion filed November 20, 1957.
Rehearing denied January 20, 1958.
*533 WILLIAM L. TURNER, of Shelbyville, and EARL S. HODGES, of Springfield, (DUANE L. TRAYNOR, of counsel,) for appellant.
BAKER and BAKER, of Shelbyville, and POPE and DRIEMEYER, of East St. Louis, (JOHN J. BAKER, and FRANK M. RAIN, of counsel,) for appellee.
Judgment affirmed.
Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:
This is an action for personal injuries sustained by plaintiff when the truck he was driving collided with defendant's freight train at a grade crossing. The jury returned a verdict for plaintiff in the sum of $12,250 and the trial court entered judgment thereon. The Appellate Court reversed this judgment on the ground that the trial court should have allowed defendant's motion for a directed verdict because plaintiff was guilty of contributory negligence as a matter of law. We granted leave to appeal from the judgment of the Appellate Court.
*534 The determinative question presented to us is whether the evidence, taken most favorably to the plaintiff, shows that he was guilty of contributory negligence as a matter of law. While this court is precluded from weighing the evidence, except as to equitable issues, to determine where the preponderance lies, (Ill. Rev. Stat. 1955, chap. 110, par. 92(3)(b),) where a motion is made in the trial court to direct a verdict, we may examine the evidence to determine whether, as a matter of law, there is any evidence in the record to prove the essential elements of the case. Robinson v. Workman, 9 Ill.2d 420; Illinois Central Railroad Co. v. Oswald, 338 Ill. 270.
Plaintiff contends that his testimony, a plat, and a profile map of the crossing, raise a question of fact for the jury as to his exercise of due care. In considering this contention we have examined the entire record.
The rule of law, to be applied in determining whether the trial court should have directed a verdict for the defendant, is clear. A motion for a directed verdict should be allowed if, when all the evidence is considered, with all reasonable inferences to be drawn therefrom in its aspects most favorable to the party against whom the motion is directed, there is a total failure to prove one or more essential elements of the case  in the case at bar, the element of due care. Carrell v. New York Central Railroad Co. 384 Ill. 599; Greenwald v. Baltimore and Ohio Railroad Co. 332 Ill. 627; Illinois Central Railroad Co. v. Oswald, 338 Ill. 270.
The plaintiff testified that on September 4, 1953, he was driving a truck, picking up milk; that about 8:00 A.M., while driving 20 to 25 miles per hour, he approached the grade crossing in question in open country; that he had crossed at this particular point every day for about nine months; that the day was cloudy, with a little mist and fog, but the visibility was about two miles; that he looked north-easterly, to the right, and saw telephone poles and timber *535 about a quarter of a mile down the track; that he drove his truck up to 9 or 10 feet from the south rail of the track, stopped, scooted over to the right door, rolled the window down and looked to the right; that he saw the telephone lines, railroad tracks, the top of the telephone shack and sprouts and weeds, as he looked down the track, but did not see or hear any train; and that he then rolled up his window, scooted back in his seat and started across the tracks when the train, approaching from the northeast, hit the rear end of his truck. On cross-examination he testified that the telephone shack was located near the track about 275 feet northeasterly from the crossing; and that when he looked to the right from the truck window, while stopped, he could see at least 200 feet beyond the telephone shack.
We find no other testimony in the record to either corroborate or add to the foregoing testimony as to plaintiff's due care. While it is true that plaintiff's witness Earl Endsley and defendant's witnesses Berl Waters and Carlos Lloyd were eyewitnesses of the collision, yet their testimony fails to substantiate due care on the part of the plaintiff. The physical conditions at the crossing are shown by a plat and profile map offered by plaintiff, and by eight photographs submitted by defendant. All exhibits were admitted in evidence by stipulation.
There is no substantial dispute as to the governing rules of law in the case before us. It is well settled that railroad crossings are dangerous places, and that in crossing them a person must approach the track with a degree of care proportionate to the known danger. The law requires that the traveler make diligent use of his senses of sight and hearing and exercise care commensurate with the danger to be anticipated. (Moudy v. New York, Chicago and St. Louis Railroad Co. 385 Ill. 446; Provenzano v. Illinois Central Railroad Co. 357 Ill. 192; Greenwald v. Baltimore and Ohio Railroad Co. 332 Ill. 627.) Nor does the law tolerate the absurdity of permitting a plaintiff to say he *536 looked and did not see the approaching train, when had he looked he would have seen it. (Dee v. City of Peru, 343 Ill. 36; Greenwald v. Baltimore and Ohio Railroad Co. 332 Ill. 627; Holt v. Illinois Central Railroad Co. 318 Ill. App. 436.) It is also true, as plaintiff contends, that there may be facts such as obstructions to view or distractions that might mislead plaintiff, without his fault, or excuse a failure to look and listen. Gills v. New York, Chicago and St. Louis Railroad Co. 342 Ill. 455; Chicago and Alton Railroad Co. v. Pearson, 184 Ill. 386.
There is no fact shown in the evidence that would tend to distract or confuse the plaintiff, or lull him into a false sense of safety. According to his testimony, he was thoroughly familiar with the crossing, approached it cautiously, and gave his full and undisturbed attention to ascertaining the possible approach of a train. The only question is whether there was any obstruction to view which would either excuse his failure to look, or at least render plausible his assertion that he looked but did not see the train.
The testimony in the record fails to show such obstruction. But plaintiff earnestly contends that the profile map and plat show a cut or hollow that would obstruct the approaching 48-car freight train from view when he looked to his right 9 or 10 feet from the track.
Because of this contention we have meticulously examined all the exhibits, both in the record and as reproduced in the abstract. The photographs clearly show that the plaintiff, while sitting in his truck at points 10 and 17 feet from the south rail of the track, had a clear and unobstructed view of any approaching train for one fourth of a mile northeast of the crossing. Neither the plat nor the profile map are in conflict with this obvious physical fact.
From a review of the entire record, we find neither evidence nor any legitimate inference which may legally be drawn therefrom, which would either excuse plaintiff's failure *537 to look, or convince a reasonable mind that he looked but did not see the train. The record is without evidence of due care, and consequently the plaintiff was guilty of contributory negligence as a matter of law. "Contributory negligence becomes * * * a question of law when it can be said that all reasonable minds would reach the conclusion, under a particular factual situation, that the facts did not establish due care and caution on the part of the person charged therewith. [Citations] In such cases, the court should instruct the jury to render a verdict for the defendants." (Briske v. Village of Burnham, 379 Ill. 193, 201.) Accordingly, the judgment of the Appellate Court must be affirmed.
Judgment affirmed.