ELLIOTT BOSTON, Plaintiff-Appellee, v. LAKE SHORE MUTUAL INSURANCE COMPANY et al., Defendants-Appellants.

(No. 56168; ▮▮▮▮▮▮▮▮▮▮▮

First District (1st Division)—February 13, 1973.

Greenberg, Ziv & McCarthy, of Skokie, (Frank E. McCarthy, of counsel,) for appellants.

Palmer, Kipnis & Kahn, of Chicago, (Claude B. Kahn, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Elliott Boston filed a two count complaint based on malicious prosecution against Norman Fein and his employer, the Lake Shore Mutual Insurance Company and Prestige Insurance Group. The first count was grounded on a criminal action in the Circuit Court of Cook County, Illinois; the second count on charges and a hearing before the Police Board of the Chicago Police Department, plaintiff's employer. The jury

found for Norman Fein and against the plaintiff and for plaintiff and against the insurance company, assessing damages at $15,000. The insurance company appeals from the judgment on the verdict in favor of plaintiff. No cross-appeal was filed from the judgment in favor of Norman Fein.

Early in 1963, the plaintiff's friend, L. A. (Big Boy) Dowdy, asked him for assistance in purchasing a 1957 Mercury automobile. The plaintiff prepared the credit application, co-signed the note and prepared the insurance application forms for Dowdy, who could neither read nor write. Insurance was provided by the defendant, Lake Shore Mutual Insurance Company, which has since become part of Prestige Insurance Group.

On April 20, 1963, the plaintiff's friend reported the theft of his car to the defendant insurance company and, with plaintiff's assistance, filled out the necessary forms to report the loss. Also on April 20, 1963, the plaintiff's friend reported the theft to the Chicago Police Department. The following day, the police notified plaintiff's friend that the car had been found. It has been stripped and damaged beyond repair. The defendant corporation furnished Dowdy with a 1958 automobile in full settlement of his claim. The company file on the claim was then closed.

Approximately October 1, 1963, Fred Killingsworth informed the defendant corporation that the car reported stolen from Dowdy had not in fact been stolen, that it was inoperable when it was towed from the point where Dowdy bought it, and that it had been stored in Killingsworth's garage for three months after Dowdy purchased it. Killingsworth stated that the plaintiff had further damaged the car with a sledge hammer after Killingsworth had removed the engine.

Defendant Norman Fein reviewed a signed statement that Killingsworth gave the insurance company and discussed the contents with several executives of the company. Then he brought the information to the house counsel of the insurance company, Robert Conley. Conley arranged a meeting between Fein and an assistant State's Attorney. Following informal discussion with the assistant State's Attorney, a complaint was signed and sworn by Norman Fein on behalf of his employer against the plaintiff, Elliott Boston. The judge to whom the complaint was presented examined the complaint and the person presenting it and, being satisfied that there was probable cause for filing it, granted leave to file the complaint and ordered a warrant to issue for the apprehension of the plaintiff. After the arrest of the plaintiff, the case proceeded until June 4, 1964, when it was dismissed for want of prosecution.

The plaintiff was also called to a hearing before the disciplinary board of the Chicago Police Department. He was suspended from duty because

of the pending criminal charge. The board subsequently exonerated the plaintiff, and he was restored to duty.

■■ It is well-settled in Illinois that where an action against an employer is based solely on the tortious act of an employee, and the employee is exonerated at trial, the employer must also be found free of liability. (*Rogina v. Midwest Flying Service*, 325 Ill.App. 588, 60 N.E.2d 633.) A corollary to this rule is the principle that if an action against the employer is based on other than the exonerated employee's act or omission, it is possible to render a verdict against the employer and, at the same time, free the named employee. *Bunyan v. American Glycerin Co.*, 230 Ill.App. 351; *Devore v. Toledo, Peoria & W. R.R.*, 30 Ill.App.2d 409, 174 N.E.2d 883.

The plaintiff argues that his cause of action is based on other than the actions of Norman Fein, and that the actions of other employees of the insurance company will support the jury finding against the employer.

■■ The record reveals only one other employee named by the plaintiff. He is Robert Conley, house counsel for the defendant insurance company. His actions consisted of discussing Mr. Killingsworth's statement with Mr. Fein, examining other documents kept by the insurance company on the claim filed by Mr. Dowdy and arranging a conference with the assistant State's Attorney to determine if there was probable cause for issuing a complaint against Elliott Boston. We cannot say that these acts support a verdict of malicious prosecution against the insurance company. We conclude that the court should have granted the corporate defendant's motion for judgment notwithstanding the verdict.

Nor do the cases cited by the plaintiff require a different result. In *Bunyan v. American Glycerin Co.*, 230 Ill.App. 351, the court affirmed a judgment against the corporate employer, even though the employee named in the complaint was exonerated. The court reasoned that though the named employee was not negligent in leaving partially full cans of nitroglycerin where children subsequently found them, there was evidence that other employees of the defendant had been negligent in leaving the cans where the children found them. Hence, the corporation was liable for the injuries that resulted from the subsequent explosion. There was no such evidence in the case before us.

In *Devore v. Toledo, Peoria & W. R.R.*, 30 Ill.App.2d 409, 174 N.E.2d 883, the plaintiff was injured by a train at a railroad crossing. He charged that the defendant railroad's employees were negligent in signaling the approach of the train. The jury found that they were not negligent, but also returned a verdict against the defendant railroad. The Appellate Court reasoned that plaintiff's complaint contained a charge that the railroad was negligent in improperly marking the crossing, so that a

verdict against the railroad could stand even if the named employees were freed of liability. The judgment against the railroad corporation was reversed, however, because the plaintiff was found guilty of contributory negligence. In the case before us, there is no separate cause of action which could sustain a verdict against the insurance company independent of a finding against its employee, Norman Fein.

It should be noted that the cases cited involved negligence actions, rather than the type of situation before us, which requires proof of affirmative acts of the defendant to sustain a verdict. (*Freides v. Sani-Mode Mfg. Co.*, 33 Ill.2d 291, 211 N.E.2d 286.) In addition, the corporate defendants in the cited cases were charged with a higher degree of care than that required of other persons.

For these reasons the judgment is reversed and the cause remanded with directions to enter judgment notwithstanding the verdict for the defendant corporation and against the plaintiff.

*Judgment reversed and cause remanded with directions.*

ADESKO and GOLDBERG, JJ., concur.