(No. 27370.—

BOSTON STORE OF CHICAGO, INC., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRED ROTI, Defendant in Error.)

*Opinion filed January 18, 1944—Rehearing denied March 20, 1944.*

ABRAHAM B. LITOW, (ORR, VAIL, LEWIS & ORR, on petition for rehearing,) both of Chicago, for plaintiff in error.

GEORGE B. COHEN, and JOSE WARD HOOVER, both of Chicago, for defendant in error.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This cause originated in a claim for compensation filed with the Industrial Commission. On petition of Boston Store of Chicago, Inc., we granted a writ of error.

The claim is nowhere set out in the abstract of record, either in full or in abstract form. The only reference in the abstract to the claim is found on page 1 where it is recited: "Application for adjustment of claim filed, etc." The abstract is further deficient in that it does not disclose either the decision of the arbitrator, the decision of

the commission or the decision of the circuit court. All that is contained in the abstract with reference to the judgment sought to be reviewed is found on page 55 of the abstract. The complete abstract page in this respect, is as follows:

"Decision of the Arbitrator filed May 13, 1941.

"Petition for review filed May 20, 1941.

"Case argued orally before the Industrial Commission.

"Decision on review by Industrial Commission filed December 17, A. D. 1942.

"Extension of time for filing of transcript of evidence.

"Writ of certiorari filed with the Industrial Commission.

"Certification of record by secretary of Industrial Commission.

"Order of Circuit Court of Cook County, confirming the award of the Industrial Commission, entered April 9, A. D. 1943.

"Notice to petitioner's counsel of ordering of complete transcript of record.

"Notice to the clerk of the Circuit Court, directing him to prepare a complete authenticated transcript of the record."

Clearly this is insufficient to present anything to this court for review. It nowhere appears from the abstract what the judgment of the circuit court was or what questions are involved. It has been repeatedly announced by this court that the court will not search the record to supply deficiencies in the abstract. Everything necessary to decide the questions raised must appear in the abstract. This rule has been announced and adhered to in the published decisions of this court over a long period of years. Many of these cases are referred to in *Hayes* v. *Industrial Com.* 383 Ill. 272. For the reasons stated in that case, the court cannot review the supposed judgment in this case. The writ of error is dismissed.

*Writ of error dismissed.*