(No. 33019.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES A. BYRNES, Plaintiff in Error.

*Opinion filed Sept. 23, 1954—Rehearing denied November 15, 1954.*

CHARLES A. BYRNES, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

In 1949, defendant, Charles A. Byrnes, was found guilty of forgery by a jury in the criminal court of Cook County and was sentenced under the Habitual Criminal Act to the penitentiary for a term of fourteen years. On review, this court held the count of the indictment attempting to bring defendant under the said act was defective, ordered it stricken from the indictment and, because it was deemed that evidence relating to such count could have prejudiced the jury, we reversed the judgment of conviction and remanded the cause for a new trial on the forgery charge. (*People v. Byrnes,* 405 Ill. 103.) Upon remandment, the cause, indictment No. 48-995, was redocketed in the criminal court. Several weeks later, however, a new indictment, No. 50-088, was returned against defendant by the grand jury. It contained counts charging forgery in terms identical with the first indictment and two additional counts charging forgery by issuing and passing a check without authority.

Following an unsuccessful attempt to quash the new indictment, there ensued another jury trial which culminated in a verdict of guilty as charged in No. 50-088 and the imposition of sentence to the penitentiary for a term of not less than one year nor more than three years. Indictment No. 48-995 was then *nolle prossed.* Appearing *pro se,* defendant now prosecutes this writ of error to review the second judgment of conviction assigning numerous errors.

We are first met, however, with a consideration of whether defendant is entitled to further review.

Looking to the transcript of proceedings in this cause and to the records of this court, of which we take judicial notice, we find that the second judgment of conviction was entered against defendant on June 2, 1950, following which he was granted several stays of *mittimus* by the trial court. Thereafter, on July 12, 1950, defendant filed a partial record in this court and sued out a writ of error, said cause being docketed as No. 31676. Within a few days, he filed a motion to make the writ operate as a *supersedeas* and for admission to bail and an order granting such motion was entered, in vacation, on July 25, 1950. Subsequently, before each term of court between September 1950 and September 1951, defendant sought, and was granted, extensions of time in which to file a bill of exceptions and leave to continue the cause. A complete bill of exceptions was filed in August, 1951; however, when the cause came on for hearing at the September term, 1951, the judgment of conviction was affirmed pursuant to Rule 41 (Ill. Rev. Stat. 1951, chap. 110, par. 259.41,) for defendant's failure to file a brief or abstract as prescribed. Our mandate was filed in the criminal court on October 18, 1951, and, from the record, we learn that the bond given by defendant in cause No. 31676 was ordered forfeited and a *capias* issued on October 26, 1951. On default, judgment was entered on the *scire facias* on December 14, 1951.

It further appears of record that defendant was not given into the custody of the warden to start service of his sentence until July 29, 1953, over twenty months after the *capias* had issued. In the present proceeding, wherein he seeks further review of the judgment we have already affirmed, defendant makes no effort to explain or excuse his failure to file brief or abstract in cause No. 31676, nor are we informed of the circumstances relating to the forfeiture of his bail bond, to his failure to give timely

obeisance to the *capias,* or to the prolonged delay between the issuance of the *capias* and defendant's eventual delivery to the warden of the penitentiary. Vague reference is made to an illness suffered by defendant's counsel during the first proceeding. However, if such was the case, its relation to the failure to prosecute the former review to completion is left to speculation. We note, too, from the record in No. 31676, that counsel was able to present motions in defendant's behalf just prior to each term of court between September 1950 and 1951.

Upon consideration of a procedural circumstance as here presented, this court has held that a second writ of error, sued out to review a judgment of conviction already considered by writ of error, is a new case but that the first writ of error is *res judicata* as to all questions raised, or which could have been raised upon the first application for review. (*People* v. *Thompson,* 392 Ill. 589; *People* v. *Bernovich,* 403 Ill. 480.) In the cited cases, and other decisions discussed therein, the merits of assigned errors were considered upon the first application, whereas, in the instant case, the court was precluded from passing upon or even learning the errors relied upon by defendant's unexplained failure, after being granted extensions of time totalling a year, to file a brief or abstract. The question arises, however, as to whether a defendant should be held in a better position to prosecute successive writs of error where his neglect prevented a consideration of alleged errors on the first writ, than if he had properly pursued his first application then sought to raise additional errors in a second application for review. While it is quite probable this court would, in a proper case and for good cause shown, allow a defendant, who was prevented from prosecuting a first application for review to a consideration of its merits, a further opportunity to present alleged errors, we find nothing in the circumstances of this case which warrants

such preferential relief or causes us to defer from applying the rule set forth in the *Thompson* and *Bernovich cases.*

When defendant obtained his release from custody by the posting of a *supersedeas* bond, it was upon the condition that he would prosecute his writ of error with effect, that he would not depart the court without leave and, in the event the judgment against him was affirmed, that he would surrender to the officer from whose custody he was bailed. The record discloses that defendant violated all these conditions, forfeited his bond and was adjudicated a fugitive. As presented to us, the circumstances lead only to a reasonable inference that defendant either did not intend to prosecute his writ with effect during the long period he remained free from custody or that he was actually a fugitive during that time. (Cf. *People* v. *Estep,* 413 Ill. 437.) Such a conclusion is strengthened by the portions of the record which reflect that a period of almost two and one-half years elapsed between defendant's admission to bail and his delivery to the custody of the warden, a period of freedom almost totalling the maximum limit of the sentence imposed and most of which passed after defendant had been adjudged a fugitive.

We do not now penalize defendant for his past actions of violating his bond and becoming a fugitive but point out only that in making a second application for review he stands before us as one who used his first application as a vehicle to abuse the processes of this court and who failed to prosecute his writ to effect through what appears to be his own neglect. The condition of defendant's bond necessarily inferred that he would prosecute his application for review in the manner provided for by the rules of this court, which rules, when established, have the force of law. (*Biggs* v. *Spader,* 411 Ill. 42; *Department of Finance* v. *Sheldon,* 381 Ill. 256.) Rule 41 expressly provides that if either brief or abstract is not filed within

the time prescribed, the judgment of the court below will, on the call of the docket, be affirmed. The records of this court disclose that the judgment against plaintiff in error has been affirmed pursuant to that rule despite the fact the defendant was, through successive extensions of time, given more than one year in which to comply. In the absence of any showing of just cause and under the circumstances surrounding the affirmance of the judgment, we therefore hold that defendant has had his day in this court and is not entitled to more than one review.

For the reasons stated, the writ of error is dismissed.

*Writ of error dismissed.*