L. H. Clark and Alexander Lumber Company, Plaintiffs, v. John R. Titone et al., and Maurer Construction Company, Defendants.

James E. Thornton, and Mallie E. Thornton, Petitioners-Appellees, v. Eilert Leesman, and Anna Leesman, Respondents-Appellants.

Gen. No. 10,045.

Third District.

May 14, 1956.

Released for publication May 31, 1956.

R. Marlin Baker, of Lincoln, for appellants.

Gehlbach & Gehlbach, and Harris & Harris, both of Lincoln, for petitioners-appellees.

JUDGE CARROLL delivered the opinion of the court.

This appeal arises out of a Mechanics Lien foreclosure proceeding brought in the Circuit Court of Logan County.

The sole question raised is as to the propriety of the action of the Trial Court in ordering the issuance of a Writ of Assistance.

The provisions of the decree of foreclosure and sale as entered by the Court, insofar as the same are pertinent on this review, are as follows:

". . . in case such premises shall not be redeemed as aforesaid, then upon production to the Master, or his successor, of such certificate or certificates of sale by the legal holder thereof, the Master, or his successor, shall execute and deliver to him or them a good and sufficient deed of conveyance of such premises in fee simple; and that thereupon, the Grantee or Grantees in such deed, or his or their legal representatives or assigns, be let into possession of said premises; and that any of the parties to this cause who shall be in possession of said premises, or any portion thereof, or any person who may have come into such possession under them, or any of them, since the commencement of this suit, shall upon the production of such Master's deed of conveyance, surrender possession of said premises to said Grantee or Grantees, his or their representatives or assigns, and, in default of so doing, a writ of assistance shall issue; and further ordered that the Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purposes of enforcing this decree."

The facts appearing from the record are briefly that the plaintiffs purchased the real estate involved in the proceeding at a sale by the Master in Chancery and received a certificate of sale, which they assigned to John J. Shute and Jo Ann Shute, his wife; that upon expiration of the redemption period the Master issued a deed to the said assignees who subsequently conveyed the premises by deed to James E. Thornton and Mallie

136

E. Thornton, appellees herein and to whom we shall refer as petitioners; that Eilert Leesman and Anna Leesman, defendants, who bring this appeal, were in possession of the premises at the time of the filing of the complaint and so remained up to the time of the issuing of the Writ of Assistance; and that the defendants refused to surrender possession of the premises to petitioners who thereupon petitioned the Circuit Court for a Writ of Assistance.

A motion by the defendants to dismiss the petition was denied by the Court. This appeal is from the Trial Court's order denying such motion.

Petitioners have filed a motion in this Court to dismiss the appeal on the grounds (1) that the abstract of record is insufficient in that it fails to set forth that notice of appeal was filed in the Trial Court; that it was filed within the time required by the Civil Practice Act and that a copy of the same was served upon the petitioners or their attorneys (2) that it fails to sufficiently set forth the final judgment from which the appeal is taken. This motion has been taken with the case.

Rule 38 of the Supreme Court [Ill. Rev. Stats. 1953, ch. 110, § 259.38] and Rule 6 of this Court requires the party prosecuting an appeal to furnish a complete abstract of the record. The Civil Practice Act provides that an appeal is perfected when the notice of appeal is filed in the lower court and no other step in the perfecting of the appeal is jurisdictional. Chap. 110, Sec. 76 (2), Par. 200 [subd. (2)], Ill. Revised Statutes 1953. It follows that if the notice of appeal is not filed in compliance with such statutory requirement, the appeal is not perfected.

In the abstract of record filed by defendants in the instant case, no mention is made of a notice of appeal. Obviously, this Court cannot determine from the abstract whether such a notice was filed or whether a copy thereof was served upon petitioners as required

by the Practice Act. It is petitioners' contention that under the decisions in Stevenson v. Illinois State Trust Co., 292 Ill. App. 528 and Shaw v. Davis, 289 Ill. App. 447, its motion to dismiss the appeal should be sustained. While these cases do support petitioners' contention, it is important to observe that in the Shaw case the abstract of record made mention of a notice of appeal and service thereof upon the attorneys for the appellees but failed to show the filing of the same in the clerk's office. In the Stevenson case, the motion to dismiss was grounded upon failure of the abstract to show filing of the motion within the time required by the Civil Practice Act and that a copy was served upon the appellees. The situation with which the Court dealt in both instances differs from that presented to this Court on the instant appeal. It is also important to point out that in the above cases the Court in effect held that in all cases where the abstract of record fails to show all jurisdictional steps to have been taken it must be held to be insufficient. As will be hereinafter observed, the rule as announced by the Court in these two cases was subsequently held to be unduly broad and as authority both have been overruled.

As indicated by its opinions in numerous cases, the Supreme Court has always sought to avoid a harsh construction of Rule 38 except where there appears to have been a flagrant disregard thereof. In People ex rel. Sandberg v. Grabs, 373 Ill. 423, where the appellees contended that the abstract of the record was insufficient to sustain the appeal, the Court had this to say:

"It is not contended that the notice of appeal was not filed in proper time, or that it was not properly served, but only that the abstract was insufficient. It appears from the abstract that the judgment of the lower court was entered on October 3, 1939; that on November 9, 1939, the notice of appeal was filed, and 'November 13, 1939. Proof of service of notice of appeal.' This shows that the notice of appeal was served

138

within ninety days after the entry of the judgment appealed from, and within but four days after it was filed. Rule No. 38 of this court (370 Ill. 43) regulates the making of an abstract. It must be sufficient to present fully every error relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision, unless the opposite party shall file a further abstract, making necessary corrections or additions. To dismiss this appeal for failure to fully abstract the notice of appeal and proof of its service where no point is made as to it being regularly and properly filed or served, would be highly technical, and would defeat the announced purpose of section 4 of the Civil Practice Act which provides that the act shall be liberally construed to the end that controversies may be speedily and finally determined, according to the substantive rights of the parties. Ordinarily, the appellee must supply an additional abstract if he deems appellant's abstract insufficient. He cannot obtain the dismissal of the appeal, except for flagrant disregard of the rule."

It is to be noted that this opinion clearly indicates that the notice of appeal was served and filed.

In People ex rel. Kunstman v. Nagano, 389 Ill. 231, where the abstract referred to the notice of appeal and proof of service thereof but was challenged as to its sufficiency, the Court said:

"While it is true that Rule 38 of this court requires that the party prosecuting an appeal shall furnish a complete abstract of the record, we have always avoided a harsh construction of said rule except for flagrant disregard thereof. The abstract in this case is not as complete as might be desired but it does refer to the notice of appeal and proof of service thereof. In fact, the notice of appeal is set forth in full and appellee Nagano makes no contention that it was not regularly and properly filed or served. Under similar circumstances, a motion to dismiss the appeal was de-

nied in People ex rel. Sandberg v. Grabs, 373 Ill. 423, and we adhere to that ruling in the instant case."

The Appellate Court, Fourth District, in Ellet v. Wyatt, 345 Ill. App. 420 denied a motion to dismiss the appeal where the abstract while showing the filing of a notice of appeal and appeal bond, did not show the date or manner of filing and service of notice of appeal. In that case, the Court followed the liberal construction of Rule 38 as applied by the Supreme Court in People ex rel. Sandberg v. Grabs and People ex rel. Kunstman v. Nagano, supra and overruled the Shaw and Stevenson cases to the extent that it was held therein that dismissal was required in every case where any jurisdictional step was not shown by the abstract. However, the opinion in the Ellet case reflects no tendency on the part of the Court to permit a flagrant disregard of the requirements of Supreme Court Rule 38 as is clearly indicated by the following statement therein:

"We are of the opinion that the abstractor should in every case show the jurisdictional steps in connection with the appeal, including the dates of the entering of judgment and notice of appeal, but a failure in this respect should not require dismissal of the appeal unless the failure can be seen to be of a flagrant character. Rule 38 of the Supreme Court and our rule No. 8 both state that the purpose of the abstract is that it will be sufficient to present fully every error relied upon. In the case at bar no question is raised concerning the jurisdictional steps and the abstract does show that a judgment was entered, a notice of appeal filed and an appeal bond filed and approved."

The facts in the instant case are readily distinguished from those before the Court in the Wyatt case. Here the defendants have furnished the Court with an abstract which fails to refer to or make any mention of a notice of appeal or the filing and service thereof. We think such failure must be held to be of a flagrant character. No matter how liberal may be the construction

140

■

applied to the rules regulating the composition of an abstract, it will not cover a situation where there has been no attempt to comply therewith.

■ Because of the defendants flagrant disregard of Supreme Court Rule 38 and Rule 6 of this Court, the motion of petitioners to dismiss the appeal must be allowed.

■ We are also of the opinion that the abstract in this case is insufficient in that it fails to show the judgment of the Trial Court from which the appeal was taken. It does show a portion of the foreclosure decree but does not show the order of the Trial Court allowing the petition for a Writ of Assistance. The only reference therein to any order of the Trial Court is the following appearing on page 3 of the original abstract:

"Order of the Circuit Court overruling the Motion of Eilert Leesman and Anna Leesman to dismiss the Petition for Writ of Assistance, and ruling on the Defendants Eilert Leesman and Anna Leesman to Answer."

Obviously this is not a judgment order. The abstract also refers to the Writ of Assistance as issued by the Court but does not contain the order directing the issuance thereof. .

The courts have repeatedly held that where the abstract does not show any judgment entered by the Trial Court such failure to furnish a proper abstract is sufficient ground for affirmance. Hayes v. Industrial Commission, 383 Ill. 272; Boston Store of Chicago v. Industrial Commission, 386 Ill. 17; Harris v. Annunzio, 411 Ill. 124.

For the reasons herein indicated, the appeal is dismissed.

Appeal dismissed.