Thomas S. Campbell, Plaintiff-Appellant, v.
Mike Fazio, Defendant-Appellee.

Gen. No. 10,236.

Third District.

October 22, 1959.

Released for publication November 9, 1959.

John W. Russell, of Carlinville, for plaintiff-appel-
lant.

E. R. Phelps, of Carlinville, and D. A. McGrady, of
Gillespie, for defendant-appellee.

PRESIDING JUSTICE REYNOLDS delivered the
opinion of the court.

This is a suit to recover $5,000 paid by the plaintiff to the defendant as part of the purchase price for the Benld Bowling Alley. Defendant showed the alleys and equipment to the plaintiff and according to the testimony of the plaintiff, represented that the equipment was "just like new." Plaintiff took possession of the bowling alley and about one month later began to have trouble with the equipment. An examination showed all the alleys with considerable wear, some had wooden plugs in them, and further examination disclosed that the alleys had been in a fire and the bottoms of some of them were burned. The plaintiff claiming an implied warranty on the part of the defendant, sued to recover the down payment. The cause was tried before a jury and witnesses were heard on behalf of the plaintiff. At the close of the plaintiff's testimony, the defendant moved for a directed verdict which was allowed. The plaintiff appeals to this court, claiming an implied warranty and assigning as error the granting of the motion for a directed verdict.

Unfortunately, for the plaintiff's appeal there is no issue before this court. The abstract is not sufficient to present any matter upon which this court could render an opinion. The abstract consists of 28 pages, 25 of them being the abstract of the evidence heard in the case. Page 28 sets out the motion for a directed verdict. For a clear analysis of the pertinent part of the other two pages of the abstract, pages 1 and 2, those two pages are herewith set out as they appear in the abstract.

ABSTRACT OF RECORD

Page of
Record

| | |
|---|---|
| 1 | Placitum. |
| 2–5 | Complaint filed on January 14, 1957. |
| 6–9 | Motion to Strike filed February 8, 1957. |

107

10–14 Amended Complaint filed March 28, 1958.

15–20 Answer to Amended Complaint filed September 15, 1958.

21–23 Reply to Defendant's Answer filed September 15, 1958.

24 Trial of Cause by Jury—September 25, 1958.

25 Trial of Cause by Jury—Directed Verdict allowed September 26, 1958.

26–28 Motion for Directed Verdict.

29–30 Verdict of the Jury.

31–32 Notice of Appeal.

33–34 Proof of Service of Notice of Appeal.

35–37 Praecipe for Trial Court Record.

38–41 Appeal Bond.

42 Extension of Time.

43 Certification of Transcript by Circuit Clerk.

So far as this court is able to determine from the abstract, there was a motion by the defendant for a directed verdict, as shown by page 28 of the abstract. The verdict of the jury is not shown. There is nothing in the abstract to show that the trial court entered judgment on the verdict. The only form of judgment is included in the judge's minutes in the record and these minutes do not show or indicate any motion for a new trial or that any motion for a new trial was ever filed or passed upon. There is no evidence that the trial court fixed the amount of an appeal bond although a bond was filed and approved. Waiving all the other omissions, in the absence of any showing of a judgment and a post trial motion for a new trial, there is nothing before this court to adjudicate.

Rule 38 of the Supreme Court (Ill. Rev. Stats. 1957, ch. 110, Section 101.38) and Rule 6 of this court (Ill. Rev. Stats. 1957, ch. 110, Section 201.6) require the party prosecuting an appeal to furnish a complete abstract of the record. As said in the case of

Richman Chemical Co. v. Lowenthal, 16 Ill.App.2d 568, at page 571: "The abstract is the pleading of the party in a court of review. What is sought to be reviewed must be contained in that pleading. Gage v. City of Chicago, 211 Ill. 109." Rule 6 of this court is identical with Rule 38 of the Supreme Court as to the matters the abstract must contain. It is true that both rules say: "The abstract need only be sufficient to present fully every error relied upon," and "The abstract will be taken to be accurate and sufficient unless the opposing party files an additional abstract," but this has not been construed as meaning that an abstract is sufficient where it fails to show the verdict of the jury, any judgment thereon, any motion for a new trial and any fixing of bond for appeal.

■ Our courts have sought to avoid a harsh construction of Rule 38 of the Supreme Court and Rule 6 of this court, and have dismissed appeals only where they considered the violation of the rules flagrant in nature. Ellet v. Wyatt, 345 Ill. App. 420; People ex rel. Kunstman v. Nagano, 389 Ill. 231; Clark v. Titone, 10 Ill.App.2d 135. In the Clark v. Titone case, the appellant had presented an abstract which failed to refer to or make any mention of a notice of appeal or the filing and service thereof. And the court in that case said: "We think such failure must be held to be of a flagrant character. No matter how liberal may be the construction applied to the rules regulating the composition of an abstract, it will not cover a situation where there has been no attempt to comply therewith." The court there was discussing a failure to show notice of appeal or the filing and service thereof. But that case has another similarity with the instant case. In that case, as in this one, the abstract failed to show the judgment of the trial court from which the appeal was taken. And the court there said: "The courts have repeatedly held that where the abstract does not

109

show any judgment entered by the trial court such failure to furnish a proper abstract is sufficient ground for affirmance. Hayes v. Industrial Commission, 383 Ill. 272; Boston Store of Chicago v. Industrial Commission, 386 Ill. 17; Harris v. Annunzio, 411 Ill. 124."

Our courts in their interpretation of the Practice Act have been reluctant to deny any litigant his day in court and they have avoided any harsh construction of the rules. In keeping with the intent of the Practice Act and the rules adopted thereunder, no attempt has been made to require a "strict letter of the law" compliance with the Act or the rules, but rather there has been a liberal construction and interpretation. Appeals have been dismissed only where there has been an omission or failure that is flagrant in its character. However liberal our courts may tend to be in construction of Rule 38 of the Supreme Court and Rule 6 of this court, there must of necessity be substantial compliance with the rules, or the abstracts will become so emasculated that the reviewing court will be compelled to search the record for the facts.

Here the appellant presents an abstract that contains only a recital of certain necessary elements of an abstract without setting them out, and completely fails to show a judgment to appeal from, completely fails to show any motion for a new trial, and only inferentially shows the fixing of an appeal bond.

For the reasons stated the appeal in this cause must be dismissed.

Appeal dismissed.

CARROLL and ROETH, JJ., concur.