Linwood McCottrell, Plaintiff-Appellee, v. Henry Benson, Defendant-Appellant.

Gen. No. 61–M–13.

Fourth District.

November 9, 1961.

Haig Apoian, of East St. Louis, for appellant.

Kassly, Weihl, Carr & Bone, of East St. Louis, for appellee.

HOFFMAN, PRESIDING JUSTICE.

This is an appeal by the defendant from a judgment against him based upon a jury's verdict in a personal injury suit.

The plaintiff and defendant were neighbors, and a dispute arose between them concerning the cutting of a tree on the property line between them. In the ensuing argument, defendant shot plaintiff. It was for the injuries plaintiff received that this suit was brought.

After the incident, a criminal complaint was sworn out against the plaintiff, charging him with assault upon the defendant. Plaintiff was found guilty by a justice of the peace, but upon appeal to the County Court, the proceedings were dismissed because of the failure of the defendant (the prosecuting witness) to appear.

█ The first error complained of by the defendant on this appeal is that the plaintiff in the trial introduced, over the objection of the defendant, the record from the County Court revealing that the charge of assault placed against him by the defendant, arising out of the incident complained of, had been dismissed by the County Court for failure of the defendant to appear. On this question the law is clear: A plea of guilty in a criminal proceeding is admissible as an admission against interest in a later civil action based upon the same occurrence. Galvan v. Torres, 8 Ill App 2d 227, 131 NE2d 367; Jones on Evidence, vol 2, 5th ed, 1958, sec 370, p 693; 20 Am Jur, Evidence, sec 648, p 545. However, the record of a conviction is not admissible even though the later civil action is based upon the same assault (Cammarano v. Gimino, 234 Ill App 556), nor is a judgment of acquittal or dismissal admissible. See Coberley v. Wilson, 71 Ill 209; Jones on Evidence, vol 3, 5th ed, 1958, sec 639, p 1218.

■■ There is no doubt but what it was reversible error for the trial court to admit the criminal record into evidence. Where, in a jury trial, the trial court commits an error of law pertaining to the admission of evidence which requires a reversal of the judgment, the Appellate Court, upon reversal, must remand for a new trial, unless it appears from the record that the error cannot be obviated upon another trial. Dixon v. Smith-Wallace Shoe Co., 283 Ill 234, 239, 119 NE 265; Abdill v. Abdill, 292 Ill 231, 232, 126 NE 543; Frey v. City of Chicago, 330 Ill 640, 642, 162 NE 139.

But we are confronted here with the fact that the defendant has stated, and, in fact, demanded, that this case *not* be returned for retrial. His notice of appeal prays "that said judgment, based upon said verdict, be set aside and held for naught and that said cause not be remanded for further action by the Circuit Court of St. Clair County, Illinois." His brief states, "We do not feel that this matter should be remanded for a new trial." Also, it is to be noted that the defendant took no issue with the statement in plaintiff's brief that he, the defendant, had "waived his right to ask for new trial."

■ Supreme Court Rule 33 provides that the notice of appeal "shall state what judgments, decrees, orders or proceedings are desired from the reviewing court by way of relief." Ill Rev Stats 1959, c 110, par 101.33. Furthermore, it is well established that the party against whom an error has been committed may waive or release such error and may thereby give up his corresponding rights thereunder. Where errors have been released, the fact that the errors were obvious and that the decree is erroneous is immaterial. 2 ILP Appeal and Error, sec 71, p 168.

■ The right to a new trial may be abandoned in the trial court by a failure to argue a motion for a new trial, Berg v. New York Cent. R. Co., 323 Ill App 221, 55 NE2d 394, or by a failure of the trial court to rule upon said motion, Fulford v. O'Connor, 3 Ill2d 490, 121 NE2d 767, 773. If such can happen in the trial court, we perceive no reason why the same rule should not apply in the Appellate Court. Where an appellant specifically states to us that he does not want a cause remanded for a new trial, he has circumscribed the relief he seeks here.

■ We must, therefore, hold that the defendant has waived his right to a new trial.

Entirely apart from the question above is the other point made by the defendant, which is, that the verdict is contrary to the manifest weight of the evidence. To properly consider this requires a careful review of the evidence.

Plaintiff McCottrell lived next door to premises owned by the defendant Benson. The defendant's property was rental property but had been vacant for better than two years prior to the date the shooting occurred. At the rear of the two lots and on or near the dividing line between them, was an elm tree, the roots of which had grown through the floor of an outdoor privy situated on defendant Benson's property. The roots had grown in such a manner that the door of the defendant's privy was jammed shut.

On the morning of October 30, 1958, defendant Benson went to his premises with the intention of cutting the roots of the tree for the purpose of straightening the privy. While he was there, the plaintiff came out of his house and a heated discussion about the cutting of the tree ensued. The defendant claims that during the discussion plaintiff threatened to shoot him if he

371

cut the tree roots. This threat to shoot the defendant was denied by the plaintiff. Defendant also contended that he noticed that plaintiff McCottrell had a pistol with him at that time, that he had it part-way out of his pocket and that he threatened to use it. This, likewise, was denied by the plaintiff.

After the morning argument, the defendant left, and returned about 2:00 o'clock in the afternoon carrying a loaded shotgun by his side. He claimed he brought the gun along for protection against the plaintiff.

What happened in the afternoon is likewise in sharp dispute. The evidence of the defendant was that plaintiff McCottrell, while standing on his own porch, threatened the defendant if he cut the roots, and that he saw plaintiff go for his gun and shoot at him. He further says that he whirled around, shot at the plaintiff, hitting him and causing the plaintiff's pistol to fall to the ground. Defendant said that some man came along, picked up the plaintiff's pistol and ran into the plaintiff's house with it. He could not identify this man, nor did anyone else make any identification or give any evidence that there was such a man in the vicinity. A search by a police officer later in the day failed to reveal any gun in plaintiff's house. Defendant's justification for the shooting was based on his claim that the plaintiff shot at him first.

The assertion that the plaintiff had threatened the defendant in the morning was supported by one John Randolph who was present during the morning argument. This witness did not, however, see any gun on the plaintiff at that time. In addition, a Mrs. Cora Nash supported the defendant in his claim that just a few minutes before the shooting plaintiff had threatened him if he cut the roots of the tree. She did not, however, see the plaintiff with a gun even

though she saw him just a few moments before the actual shooting occurred. Another witness claimed he saw the affair from across the street. This witness supported defendant's contention that plaintiff aimed a pistol at the defendant and shot. Plaintiff's denial of having a pistol was supported by the testimony of his wife.

■ ■ There were several factual disputes in this case which developed because of the diversity of the testimony. This was a case where much depended upon the credibility of the witnesses. Important factual inferences from their testimony had to be drawn. These are jury matters, and, our courts have repeatedly held, that a verdict may not be set aside merely because the jury could have laid the credibility otherwise or drawn different inferences of fact. Nor may judges say, where credible evidence supports a verdict, that other conclusions than the ones drawn by the jury are more reasonable. Considering all the matters in evidence, we believe that the jury's verdict must stand.

Judgment affirmed.

CULBERTSON, and SCHEINEMAN, JJ., concur.