## John M. Janecko, Appellee, v. Appleton Electric Company, a Corporation, Appellant.

### Gen. No. 48,408.

First District, Third Division.
April 25, 1962.
Rehearing denied September 27, 1962.

Canel & Canel, of Chicago (Jay A. Canel and Charles I. Calisoff, of counsel), for appellant.

Leonard L. Levin, of Chicago (Irving S. Abrams, of counsel), for appellee. John D. Casey, of Chicago, for amicus curiae, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The plaintiff brought an action in the Municipal Court of Chicago to recover certain salary allegedly due him under a contract with the defendant. The defendant filed a defense to the statement of claim. On November 2, 1960 the parties entered into a stipulation that the case might be tried by a court appointed commissioner, that a jury be waived, and that the cause be submitted for hearing and disposition to the assigned commissioner. The cause was assigned to Commissioner Harewood. The parties presented a stipulation of facts to the commissioner. No other evidence was heard, and the commissioner, after hearing arguments of counsel, stated he would "rule for the plaintiff; judgment in the amount prayed for." The hearing was on November 2, 1960. On the same day the record shows a judgment order entered in the cause by C. J. Strzalka, one of the judges of the Municipal Court. That order recited:

> ". . . this cause comes on in regular course for trial before the Court without a jury and the Court having heard the evidence and the arguments of counsel, and being fully advised in the premises, enters the following finding, to-wit:
> " 'THE COURT FINDS THE ISSUES AGAINST DEFENDANT, APPLETON ELECTRIC CO., INC., a Corp., AND ASSESS PLAINTIFF'S DAMAGES AT THE SUM OF SIX HUNDRED DOLLARS ($600.00)'.
> "This cause coming on for further proceedings herein, it is considered by the Court that the plaintiff have judgment on the finding herein and that the plaintiff have and recover of and from the defendant, APPLETON ELECTRIC CO., INC., a Corp., the damages of the plaintiff amounting to the sum of SIX HUNDRED DOLLARS ($600.00) in form as aforesaid assessed, together with the

costs by the plaintiff herein expended and that execution issue therefor.

"Supersedeas Appeal Bond set at ONE THOUSAND DOLLARS ($1,000.00)."

Defendant served notice upon the plaintiff that on the 17th of November he would appear before Commissioner Harewood and present a motion to reopen proof. The record further shows that on December 16, 1960 Judge Joseph F. Geary, one of the judges of the Municipal Court of Chicago, denied defendant's motion to reopen proof. A transcript of the proceedings before the commissioner was prepared and was certified to by him on January 12, 1961. The sheet of the record which bears the certification of the commissioner also has the statement, over the signature of Daniel J. McNamara, one of the judges of the Municipal Court of Chicago: "Approved only for purpose of entering order on half sheet."

At the time of the hearing before the commissioner the attorneys for the plaintiff and defendant stipulated that the decision of the commissioner would be as binding as that of a judge and that either side would have the right to take an appeal to the Appellate Court.

Defendant filed a notice of appeal December 19, 1960. In the notice of appeal defendant states that it appeals from the order of Commissioner Harewood, "which order found the issues in favor of the plaintiff, John M. Janecko, and entered judgment in favor of said plaintiff in the amount prayed for," and from the order of the commissioner denying its post-trial motion to reopen proofs. The record does not show that any such orders were entered by the commissioner.

In its brief the defendant first argues that the cause was tried before a commissioner of the Municipal Court and not by a judge, that the commissioner had

118

no authority to hear and decide the case, and that the stipulation of the parties purporting to give the commissioner authority was of no force and effect.

Section 74 of the Practice Act (Ill Rev Stats 1959, c 110, § 74) provides that alleged errors can only be brought before a reviewing court by notice of appeal and that the review constitutes a continuation of the proceedings in the trial court. Section 76, after setting out the requirements for filing a notice of appeal in the trial court, provides that the appeal is perfected when the notice of appeal is filed in the trial court and that the notice of appeal is jurisdictional. Pruitt v. Motor Cargo, Inc., 30 Ill App2d 222, 173 NE2d 851 (1961); Freeport Motor Cas. Co. v. Tharp, 406 Ill 295, 94 NE 2d 139 (1950). Supreme Court rule 33 sets out the form and contents of the notice of appeal and in that rule it is provided that the notice shall specify and describe the order, determination, decision, judgment or decree which is being appealed from, and if the appeal is from a part thereof only it shall specify what part. The notice of appeal, which is jurisdictional, limits review to the judgment or other orders therein set out. In People v. New York Cent. R. Co., 391 Ill 377, 63 NE2d 405 (1945), the court says:

"The purpose of a notice of appeal under our practice is to inform the party in whose favor a judgment or decree has been rendered that the unsuccessful party desires a review of the case by a higher tribunal. *If, when considered as a whole, the notice fairly and adequately sets out the judgment or decree complained of, or the part thereof objected to, the court to which the appeal is to go, and the relief sought from the reviewing court, in such a way that the successful litigant may be advised of the nature of the proceedings, the absence of strict technical compliance in connection with the form of the notice should not*

119

*be fatal.* . . . We are not concerned here with the complete failure of the party appealing to take some step or do some act made necessary by statute or rule to perfect his appeal. Rather we must decide whether the notice here, admittedly deficient in form, was a sufficiently substantial compliance with the requirements of Rule 33." (Italics ours.)

■ Section 77 of the Practice Act provides that appeals will lie only from final judgments or decrees. Krambeer v. Canning, 33 Ill App2d 208, 178 NE2d 147 (1961); 2 ILP Appeal and Error, sec 105. In Peterson v. Grisell, 330 Ill App 587, 71 NE2d 832 (1947), the court says: "For this Appellate Court to properly entertain an appeal, there must be presented to it a final appealable order entered by the court below." It is true that it has been held that since the adoption of the Practice Act no specific assignment of errors, such as was required under the former Practice Act, is necessary in a court of review. Trust Co. of Chicago v. Iroquois Auto Ins. Underwriters, Inc., 285 Ill App 317, 2 NE2d 338 (1936). Rule 39 of the Supreme Court provides that neither an assignment nor a statement of errors is necessary in the brief, nevertheless the errors relied on must be pointed out and argued in the brief. No errors can be argued in the brief which do not go to the validity of the judgment or orders set out in the notice of appeal.

■ ■ In this case the appeal is not taken from a final order. This is evident from the record showing the judgment order of Judge Strzalka. Had the appeal been taken from the judgment of Judge Strzalka, nevertheless, on the record before us the defendant could have fared no better. A reversal by this court must necessarily be based on the defendant's argument that the intervention of Commissioner Harewood in the case in considering evidence, making a finding and refer-

ring it to the judge was invalid because he had no authority to so act and that as a result the judgment entered by Judge Strzalka must fall. This would only be true if the proceedings before Commissioner Harewood were without legal authority and void and where the court heard no evidence; but if we assume, without deciding the question, that Commissioner Harewood had no right whatsoever to act in the case, the judgment order entered by Judge Strzalka states that he heard evidence. This statement that there was evidence presented to him in open court and that he was not relying solely upon the recommendation of Commissioner Harewood is controlling on us. We have no transcript of the proceedings before the trial judge and we must presume that he heard sufficient evidence to justify the entry of the judgment. McGurn v. Brotman, 25 Ill App2d 294, 167 NE2d 12 (1960); County Board of School Trustees v. Bendt, 30 Ill App 2d 329, 174 NE2d 404 (1961); Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559, and cases cited therein.

In County Board of School Trustees v. Bendt, supra, the court says:

"It is basic in our law that it is the record in the trial court that we review. That record imports verity.

" 'When properly authenticated the record filed for the purpose of appeal imports absolute verity, and is the sole, conclusive and unimpeachable evidence of proceedings in the lower Court.' McGurn v. Brotman, 25 Ill App2d 294, 167 NE2d 12.

It is not for counsel by unsupported statements in either his brief or argument to impugn, stultify or impeach that record in this Court. An Assignment of error must be grounded on the record

121

itself and not on the arguments of counsel or his statement in his brief on appeal. Berdelle v. Carpentier, 11 Ill2d 295, 143 NE2d 53; Keser v. Corrie, 3 Ill App2d 209, 120 NE2d 880; People v. Belmont Radio Corporation, 388 Ill 11, 57 NE2d 479. It was in the trial court that the picture we now examine was painted. It was in that court through appropriate proceedings that it could have and should have been retouched or refinished to correctly portray the view, if it does not now do so. It is sound juridical philosophy which inhibits us from negating, through guess, surmise or conjecture, that which the record as it now stands affirmatively asserts. The absence of evidence in the abstract or the record, standing alone, is insufficient to raise a presumption that none was heard when the recitals of the judgment order itself belies the presumption. The record on appeal binds the parties and circumscribes us in the consideration of the appeal."

Defendant's appeal is dismissed on the ground that it was not taken from a final order entered in the trial court.

Appeal dismissed.

DEMPSEY and SCHWARTZ, JJ., concur.